IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JACKIE WITHERSPOON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | (JURY TRIAL REQUESTED) |
| HORRY COUNTY/ | ) | |
| HORRY COUNTY POLICE DEPT., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Jackie Witherspoon, by and through his undersigned attorney Bonnie Travaglio Hunt of Hunt Law LLC, does hereby make the following claims and allegations against the Defendant, Horry County/Horry County Police Department hereinafter the "Defendant":

## PARTIES AND JURISDICTION

1. The Plaintiff is a resident of the State of South Carolina.

2. The Defendant, Horry County/Horry County Police Department (hereinafter referred to as Defendant) is a public entity which is subsidiary of Horry County and subject to Federal Statutes.

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

4. All parties and events herein mentioned are within the jurisdiction of this Honorable Court.

5. This Court has jurisdiction over the parties and subject matter and venue is proper.

1

## PROCEDURAL HISTORY

6.     The Plaintiff filed contact the EEOC through their website and filed an initial inquiry form.

7.     That on March 14, 2024, the Plaintiff filed a charge of discrimination with the EEOC alleging discrimination based on Race.

8.     That the Charge of Discrimination set forth the following:

*THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):*

*I was denied a promotion on or about January 17, 2024.  As a supervisor, I applied for Sergeant position in the Narcotics Division and was not granted an interview and learned that there was not an interview panel.  An employee (Caucasian who had no experience as a supervisor was given the position.  Moreover, the Lieutenant over the Narcotics Division has a history of derogatory language towards the African American race and had previous denied me a promotion for another position that I had applied for.  Because of my race, I was subjected to such treatment.*

*I therefore believe I have been discriminated against because of my race (African American) in violation of the South Carolina Human Affairs Law, as amended, and Title VII of the US Civil Rights Act of 1964, as amended.*

9.     The Defendant filed a position statement on May 14, 2024, addressing the charge of discrimination.

10.     On June 7, 2024, the charge was forwarded to the South Carolin Human Affairs Commission's investigative division.

11.     That on December 27, 2024, the Plaintiff requested the right to sue from the SCHAC.

12.     The matter was referred to the Department of Justice for investigation.

13.   That on April 30, 2026, the Right to Sue was issued by the U.S. Department of Justice

Civil Rights Division.  The Right to sue set forth the following:

*Dear Jackie Witherspoon,*

*You are receiving this notice because you filed the above charge(s) with the Equal Employment Opportunity Commission (EEOC), and you or your attorney specifically requested this notice.*
*Because either 180 days have passed since you filed the above charge(s), or because the EEOC has determined that it will not be able to conclude its administrative process within 180 days of the date it assumed jurisdiction of the charge(s), you are hereby notified that you have the right to file a lawsuit commencing a civil action based on the charge(s) under the following statute(s):*

- *Title VII of the Civil Rights Act of 1964, 42 USC. 42 U.S.C. § 2000e, et seq.*
  *If you decide to file a lawsuit under the statute(s) identified above, **<u>you must file it in the appropriate court within 90 days of receiving this Notice</u>**.  This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether your charge is meritorious.  If you haven't already, you may want to consult with a private attorney of your own choosing and expense.*
  *If you have questions or wish to inspect the investigative file pertaining to this matter, please address your inquiry to the following EEOC office:  Contact information for this office can be located at.*
  *Sincerely,*
  *Complaint Referral Unit*
  *Employment Litigation Section*
  *Civil Rights Division*

14.   That not more than 90 days have passed since the issuance of the Right to Sue.

**FACTS**

15.   That the Plaintiff is an African American male.

16.   The Plaintiff began his employment with the Defendant July 21, 2007.

17.   Throughout the Plaintiff's employment he has received the policies and procedures of

the Defendant and followed those policies and procedures.

18.   The Plaintiff has had excellent performance evaluations throughout his employment

with the Defendant.

19. The Plaintiff has experience in several different positions including the Narcotics Division as a Detective and as a supervisor within the unit.

20. The Plaintiff filed two Human Resources complaints regarding racism at the Department and the failure to promote him as an African American.

21. During the Plaintiff's employment, the Plaintiff made the list for promotion on several occasions. However, when he would make the top of the list for promotion the Defendant would open the position up to everyone and not use the list for selection. Further during his employment, the Plaintiff was aware of the Department's culture of racism and not to promote an African American to the position of Sergeant.

22. The Plaintiff was working in the Domestic Violence Unit as an investigator when he was finally promoted to Sergeant.

23. The Plaintiff was promoted to Sergeant on June 2, 2021. The Plaintiff was promoted with 5 other Caucasian employees. After receiving his promotion to Sgt. The Plaintiff was called into Chief Hill's office where he was lectured on honesty and integrity. None of the other Sergeants promoted were given the same lecture.

24. When the Plaintiff was promoted to Sergeant, he was transferred to Patrol and worked as a Patrol Sgt on the Street.

25. After one year as a Sergeant on the Road, the Plaintiff started putting in for positions in specialized units. On several occasions the Plaintiff witnessed individuals being promoted above him that lacked experience and training.

26. In January 2022 the Plaintiff applied for a Sgt position in Major Crimes. The Plaintiff was not hired but a Caucasian individual with less training and experience was hired.

4

27.   On November 16, 2022, Captain Brandon Strickland over Narcotics issued an email seeking Officer Reports for lateral transfer to the Sergeant position in the Narcotics Unit.

28.   The Plaintiff submitted an Officer Report requesting a transfer to the Sgt position over Narcotics.  During the interview and application process, the Plaintiff was informed by a coworker that he almost pulled out of the process because the Plaintiff was the most qualified for the position.

29.   On November 23, 2022, Captain Brandon Strickland sent an email to those who were interested in the Position stating that the next stage of the process was an interview panel.

30.   The Plaintiff was the last to be interviewed by the panel for a position of Sgt in Narcotics.  During the Plaintiff's interview, the interview was stopped by the SLED agent who informed the Plaintiff that he had performed the best in the interview. Brandon Strickland was in the room while the Plaintiff was being interviewed.  Lt. Bonner, a Caucasian, was part of that interview panel, and the Plaintiff was not hired. Lt. Bonner had a history of making derogatory statements toward African Americans.

31.   On December 2, 2022, the Plaintiff was informed by Brandon Strickland that he finished 4th in the process.  The email further stated that the Defendant would utilize the list for the next year and when a vacancy came open within a year the Plaintiff would be considered.

32.   During the Plaintiff's employment he had different issues with Brandon Strickland who regularly failed to follow the policies and procedures of the defendant.

33. In May of 2023, the Plaintiff applied for a Sgt position over Street Crimes. The Plaintiff was not hired but a Caucasian individual with less training and experience was hired.

34. On January 17, 2024, Deputy Chief Leonhardt sent out an email informing the department that a Sergeant position became available in the Narcotics division of the Police Department.

35. The Lt. Bonner was over Narcotics division at the time of the open Sgt position.

36. The Plaintiff along with two other individuals submitted paperwork for the position. On individual was Mark Johnson an Asian and the other was Brian Wilson a Caucasian individual.

37. The Defendant failed to assemble an interview panel.

38. Brian Wilson was selected for the position. Wilson lacked the experience that was held by Johnson and the Plaintiff.

39. The Defendant failed to make an official announcement as to who would hold the position.

40. The Plaintiff was not offered an explanation as to why he was not hired for the position.

41. In the position statement, the Defendant contends that the position was filed via objective evaluation criteria, and with evaluations provided by peers and supervisors with direct knowledge of the abilities and characteristics of the applicants which is a falsehood due to the fact that the Plaintiff and Johnson were the only individuals with experience in Narcotics.

42. The Defendant failed and refused to use a fair process as when it considered the peers and supervisors' opinions it conducted the selection with in the discriminatory Culture of the Department.

43.     The Plaintiff was subjected to differential treatment and not selected for the position in order to continue the race based discrimination in the department that has become a part of the Culture.

44.     That as a direct and proximate result of the Defendant's intentional and unlawful action of discrimination against the Plaintiff, the Plaintiff has suffered lost wages, emotional damages, compensatory and consequential damages.

45.     That the Plaintiff is entitled to an award of actual damages, compensatory, and consequential damages against the Defendant for their unlawful discrimination and hostile work environment.

46.     That as a direct and proximate cause of the Defendant's wrongful discrimination, failure to promote and failure to provide equal opportunity based on Race and hostile work environment of the Plaintiff, he has suffered:

a.     Suffered the loss of promotion;

b.     Suffered the loss of benefits associated with the promotion;

c.     Suffered loss of equal opportunity;

d.     Suffered future lost wages and benefits;

e.     Suffered consequential and compensatory damages;

f.     Suffered emotional damages;

g.     Incurred attorney's fees and costs as a result of having to bring this action.

47.     That the Plaintiff is entitled to an award of damages against the Defendant for actual damages, consequential damages, punitive damages, attorney's fees, costs of this action and other damages, such as this Honorable Court deems appropriate and just appropriate.

**FOR FIRST CAUSE OF ACTION**

**DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON RACE**

48.    Paragraphs one (1) through forty-seven (47) are hereby incorporated verbatim.

49.    The Defendant is an employer as defined by Title VII.

50.    That the Plaintiff is an employee as defined by Title VII.

51.    That the Plaintiff was considered an exemplary employee.

52.    That while he has been employed with the Defendant, the Plaintiff has been able and has performed his job duties at a satisfactorily level of the Defendant.

53.    That throughout the Plaintiff's employment the Plaintiff qualified for all positions that he was denied.

54.    That the Defendant refused to promote the Plaintiff.

55.    That the Defendant considered the Plaintiff's race when considering any and all employment decisions.  The Plaintiff was subjected to a hostile work environment and discrimination that no reasonable person would have continued to suffer.

56.    That the Defendant treated persons outside the Plaintiff's protected categories more favorably.

57.    That the Defendant violated its own policies and procedures when it failed to promote the Plaintiff and failed to consider the plaintiff based on his race.

58.    That the Defendant discriminated against the Plaintiff based on his race.

59.    That the Defendant is the proximate and direct cause of damage to the Plaintiff.

60.    That any and all reasons offered by the Defendant as a reason for failing to promote the Plaintiff are pretextual.

8

61.    That the Plaintiff has suffered severe emotional damages as a result of the Defendant's discrimination against the Plaintiff.

62.    That as a direct result of the Defendant's violation of Title VII the Plaintiff has suffered:

   a.   Lost wages and lost benefits;

   b.   Future lost wages and Benefits;

   c.   Economic damages;

   d.   Economic hardship;

   e.   Lost wages;

   f.   Suffered anxiety, humiliation and emotional damages.

63.    That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to the Title VII for the Defendant's discrimination against the Plaintiff.

## FOR A SECOND CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT

## IN VIOLATION OF TITLE VII

64.    Paragraphs one (1) through sixty-three (63) are hereby incorporated verbatim.

65.    That the Plaintiff is an employee of the Defendant as defined by Title VII.

66.    That the Defendant is an employer as defined by Title VII.

67.    That the Defendant subjected the Plaintiff to harassment and hostile work environment.

68.    That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

69.    That the Plaintiff suffered severe emotional distress as a result of the Defendant's hostile work environment based on the Plaintiff's race, and complaints.

9

70.     That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and

pervasive work environment that the Defendant subjected the Plaintiff.

71.     That the Plaintiff has been damaged as a result of the Defendant's work environment.

72.     That the Defendant are the direct and proximate cause of damage to the Plaintiff.

73.     That the Plaintiff is entitled to actual, compensatory, consequential and punitive damages

from the Defendant as a result of the hostile work environment.

WHEREFORE, the Plaintiff prays for an award of damages against the Defendant in the amount of:

A.     Actual damages;

B.     Consequential damages;

C.     Compensatory damages;

D.     Any and all damages permitted under Title VII;

E.     All other damages under South Carolina Law;

F.     Other damages such as this Honorable Court deems appropriate and just.

Respectfully Submitted,


*s/Bonnie Travaglio Hunt*
Bonnie Travaglio Hunt
Hunt Law LLC
Federal Bar # 07760
SC Bar # 12341
Attorney for the Plaintiff
4000 Faber Place Drive, Suite 300, N. Charleston, 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509
bthunt@huntlawllc.com

May 29, 2026